IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-179-BO

DONNA ENGLAND,           )
                  Plaintiff,  )
                             )
v.                       )           O R D E R
                             )
WILMINGTON PLASTIC SURGERY, )
P.A., f/k/a WILMINGTON PLASTIC )
SURGERY SPECIALISTS, P.A., )
                  Defendant.  )

This cause comes before the Court on defendant's motion to dismiss plaintiff's third claim for relief. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons that follow, defendant's motion is granted.

## BACKGROUND

Plaintiff initiated this action against defendant in New Hanover County, North Carolina Superior Court alleging claims for violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, and wrongful discharge in violation of public policy, specifically the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-411.1, *et seq.* Defendant removed plaintiff's action to this Court on the basis of its federal question jurisdiction. 28 U.S.C. § 1331; 1441. Plaintiff then filed an amended complaint, adding a third claim alleging wrongful discharge in violation of public policy, specifically N.C. Gen. Stat. § 90-401.

Defendant seeks dismissal of plaintiff's third claim for relief for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Plaintiff's amended complaint alleges as follows. Plaintiff is a registered nurse licensed by the State of North Carolina. [DE 19] Amd. Compl. ¶ 11. Plaintiff began working for defendant as a registered nurse/nurse injector in 2000 and remained in that position as an employee from 2000-2005. *Id.* ¶ 13. In 2006, plaintiff incorporated a private entity under which she would perform professional nursing services, remaining on site with defendant as an independent contractor rather than an employee. *Id.* Plaintiff returned to her position as an employee in 2008 after defendant raised concerns about conflicts of interest. *Id.* After approximately six months, she left defendant's employ to pursue other opportunities. *Id.* Plaintiff was re-hired as an employee in the same position she had previously held on March 1, 2016. *Id.* ¶ 12. Plaintiff was discharged from her employment with defendant on June 20, 2017; plaintiff was fifty-five years old when she was discharged. *Id.* ¶¶ 18, 12.

2

Plaintiff alleges that although she performed all of her job duties responsibly and competently, defendant did not allow plaintiff to attend any of the training sessions that were being offered to younger nurses on staff. *Id.* ¶¶ 14, 17. Plaintiff was informed by defendant's spa manager on April 18, 2017, that the reason another nurse was receiving training in plaintiff's practice area was because the doctors were looking for someone younger to fill plaintiff's position. *Id.* ¶ 16. After her termination, plaintiff's position was filled by another registered nurse/nurse injector who was approximately twenty-eight years old and had less experience and fewer qualifications than plaintiff. *Id.* ¶ 19.

Under North Carolina law, an at-will employee generally may not raise a wrongful discharge claim. *Combs v. City Elec. Supply Co.*, 203 N.C. App. 75, 79 (2010). There is a public policy exception to this general rule, however, where an employee's termination is contrary to North Carolina public policy or prohibited by statute. *Kurtzman v. Applied Analytical Indus.*, 347 N.C. 329, 331 (1997). "In order to maintain such a claim, . . .the plaintiff must allege 'specific conduct by a defendant that violated a specific expression of North Carolina public policy . . ..'" *Horne v. Cumberland Cty. Hosp. Sys., Inc.*, 228 N.C.App. 142, 146 (2013) (quoting *Considine v. Compass Grp. USA, Inc.*, 145 N.C.App. 314, 321–22 (2001)).

Plaintiff alleges that her termination violated North Carolina public policy as reflected in N.C. Gen. Stat. § 90-401, which provides that

> A health care provider shall not financially compensate in any manner a person, firm, or corporation for recommending or securing the health care provider's employment by a patient, or as a reward for having made a recommendation resulting in the health care provider's employment by a patient. No health care provider who refers a patient of that health care provider to another health care provider shall receive financial or other compensation from the health care provider receiving the referral as a payment solely or primarily for the referral. This section shall not be construed to prohibit a health care provider's purchase of advertising which does not entail direct personal contact or telephone contact of a potential patient.

3

N.C. Gen. Stat. § 90-401. Plaintiff alleges that she is a non-licensee with whom defendant, by and through its physician licensees, shared revenue on a percentage basis in the form of commissions, constituting fee-splitting in violation of the above-recited public policy. Amd. Compl. ¶ 45. Plaintiff further alleges that she was "fired in furtherance of an unlawful and unethical wage practice which provided financial compensation in the form of commissions and referral fees . . . in violation of N.C.G.S. § 90-401 . . . ." *Id.* ¶ 58.

"[S]omething more than a mere statutory violation is required to sustain a claim of wrongful discharge under the public-policy exception. . . . [T]he termination itself must be motivated by an unlawful reason or purpose that is against public policy." *Garner v. Rentenbach Constructors Inc.*, 350 N.C. 567, 571-72 (1999). Even assuming, without deciding, that N.C. Gen. Stat. § 90-401 demonstrates a clear public policy of the State of North Carolina against the payment of commissions to nurses under these circumstances, plaintiff has failed to allege in her amended complaint how any violation of this public policy motivated or was the cause of her employment termination by defendants.

For example, in *Deerman v. Beverly California Corporation Deerman*, on which plaintiff relies, Deerman alleged that she was terminated because she complied with and refused to violate North Carolina's Nursing Practice Act. *Deerman v. Beverly California Corp.*, 135 N.C. App. 1, 8 (1999). Here, however, plaintiff essentially alleges that, in addition to terminating her on the basis of her age, defendant also engaged in an unlawful compensation method when it compensated plaintiff. Although plaintiff contends her termination was "in furtherance of" defendant's unlawful practice, there are no factual allegations which would plausibly support that plaintiff's termination was motivated by a purpose that is against the specific public policy identified by plaintiff, and the claim is properly dismissed.

4

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's third claim for relief [DE 20] is GRANTED.

SO ORDERED, this 20 day of May, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE