IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-00179-BO

| | |
|---|---|
| **Donna England**, <br><br> Plaintiff, <br><br> v. <br><br> **Wilmington Plastic Surgery, P.A. f/k/a Wilmington Plastic Surgery Specialists, P.A.**, <br><br> Defendant. | **Certification of Contempt** |

Federal law sets out the authority of magistrate judges to address contempt by the parties and attorneys who appear before them. 28 U.S.C. § 636(e). Although magistrate judges can address some contempt directly, much of the time a magistrate judge must refer the conduct at issue to a district judge. In a civil action when the parties have not consented to magistrate judge jurisdiction, the magistrate judge must certify the underlying facts to a district judge if the act at issue "constitutes a criminal contempt [that] occurs outside the presence of the magistrate judge" or "the act constitutes a civil contempt[.]" *Id.* § 636(e)(6)(B)(ii) & (iii).

After certification, the magistrate judge must cause the order to be served on "any person whose behavior is brought into question" and order that the person "appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." *Id.* § 636(e)(6)(B). The district judge must then "hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." *Id.*

Whether the court holds a person in criminal or civil contempt depends on the purpose behind the sanction the court imposes. Holding an individual in civil contempt seeks to "coerce compliance with an order of the court or to compensate for losses or damages caused by noncompliance." *Carbon Fuel Co.* v. *United Mine Workers of Am.*, 517 F.2d 1348, 1349 (4th Cir. 1975) (*quoting S. Ry. Co.* v. *Lanham*, 403 F.2d 119, 124 (5th Cir. 1969)). But criminal contempt "is intended to vindicate the authority of the court, and cannot be purged by any act of the contemnor." *Id.* (*citing Nye* v. *United States*, 313 U.S. 33, 43 (1941)).

Given that the parties have not consented to magistrate judge jurisdiction here, the undersigned must proceed by certifying the underlying facts to the presiding district judge. Thus, the undersigned magistrate judge certifies these facts to Chief United States District Judge Terrance W. Boyle:

1. In September 2019, Defendant Wilmington Plastic Surgery moved to compel responses from Plaintiff Donna England after her counsel, Gregory A. Buscemi, failed to respond to interrogatories and requests for production of documents. D.E. 30. England told Wilmington Plastic Surgery at her deposition that she gave responsive documents to Buscemi, but Buscemi did not turn them over to the Defendant. D.E. 31 ¶¶9, 13, 15.

2. Buscemi asked the court for an extension of time to respond, citing health concerns that led him to spend most of September "seeking medical treatment for an ongoing and persistent condition that had increasingly impaired [his] ability to work." D.E. 32 ¶2.

3. United States Magistrate Judge Robert T. Numbers, II granted Buscemi's motion for an extension of time. D.E. 33. But Buscemi did not respond to the motion to compel.

4. In October 2019, the court entered a notice that it would hold a hearing on Wilmington Plastic Surgery's Motion to Compel on November 7, 2019, at 10:30 a.m. in Wilmington, North Carolina. D.E. 34.

5. Buscemi did not appear in person at the November 7, 2019 hearing. The court reached Buscemi by phone and Buscemi said he had written down the wrong time for the hearing. The court conducted the hearing telephonically. During this hearing, Buscemi disclosed to the court a medical condition that made it difficult for him to practice law and informed the court he was searching for other counsel to take England's case.

6. On November 8, 2019, the court stayed the case deadlines and continued the hearing for two weeks to allow Buscemi to arrange for substitute counsel to appear. D.E. 36. The court ordered that: "Plaintiff's counsel shall submit a letter from a medical provider that verifies his representations to the court about his medical condition and its general effects for in camera review." *Id.* ¶3. The court required that Buscemi submit the letter before the November 22, 2019 hearing. *Id.*

7. Buscemi did not submit the letter required by the court's November 8, 2019 Order before the November 22, 2019 hearing. When asked about this, Buscemi told the court he would submit the letter by the following Monday, November 25. He did not do so.

8. On November 27, 2019, the court entered an Order to Show Cause. D.E. 38. The court stated its serious concerns about Buscemi's ability to effectively practice law and adequately represent his client. *Id.* at 4. It noted Buscemi's failures to attend the November 7, 2019 hearing and comply with the November 8 Order. *Id.* The court also expressed concern about Buscemi's candor to the court, because while suffering from a medical condition that hampered his ability to practice law Buscemi also ran for mayor, conducted

interviews with media outlets, and posted on social media. *Id.* at 4–5. These concerns potentially implicated several of the North Carolina Rules of Professional Responsibility. *Id.* at 5.

9. In the Order to Show Cause, the court ordered: "Before the telephonic hearing currently scheduled for 4:00 p.m. on December 6, 2019, Gregory A. Buscemi must file a memorandum showing cause for his failure to comply with the requirement in the November 8, 2019 Order that he submit documentation from a medical provider verifying his health claims. The submission must include the required documentation." *Id.* at 6. The court reminded Buscemi that failure to comply "may lead to imposition of sanctions including, but not limited to, a certification of contempt, referral for disciplinary action under the court's local rules, or referral to the North Carolina State Bar." *Id.*

10. Shortly before 4:00 p.m. on December 6, Buscemi moved to continue the December 6 hearing and for an extension of time to respond to the show cause order. D.E. 39. That same day, Buscemi submitted a letter from his primary care doctor and multiple medical documents by email to chambers.

11. The court granted Buscemi's motion to continue and motion for extension of time and reset the telephonic hearing for the following Monday, December 9, 2019, at 4:30 p.m. D.E. 40.

12. Buscemi did not submit his memorandum in response to the court's Order to Show Cause before the December 9, 2019 hearing. He also joined the December 9, 2019 hearing late. The court directed Buscemi to respond by noon on December 10. D.E. 41.

13. Buscemi responded to the court's Order to Show Cause at 11:59 a.m. on December 10. D.E. 42. He explained to the court that he has a sleep disorder that has worsened in recent years and he is trying to obtain a new treatment, but the disorder is affecting his ability to

4

Case 7:18-cv-00179-BO   Document 64   Filed 04/30/20   Page 4 of 8

manage his work. He acknowledged that his medical condition was "impair[ing] his ability to timely comply with Court orders[.]" *Id.* at 2.

14. On January 6, 2020, the court entered a series of orders.

15. First, the court entered an order regarding the appearance of a new attorney for England. D.E. 46. Buscemi had repeatedly told the court that alternate counsel would be appearing in the case for England, but he had not appeared. The court ordered that England have another attorney appear on her behalf no later than January 31, 2020. *Id.* ¶1. The court also ordered Buscemi to give a copy of D.E. 46 to England and file an affidavit or declaration under penalty of perjury stating he had done so by January 10, 2020. *Id.* ¶2. The court's order stated that "[f]ailure to comply with the terms of this order may lead to sanctions against England, Buscemi, or both" which include dismissal of the case. *Id.* ¶5.

16. Buscemi failed to submit an affidavit or declaration by January 10, 2020.

17. On January 31, Greensboro attorney Jonathan Wall entered a Notice of Appearance on England's behalf. D.E. 49.

18. Second, the court entered an order addressing Buscemi's response to the court's Order to Show Cause. D.E. 47. The court provisionally sealed this order for 14 days and directed Buscemi to file a motion to seal if he wanted the court to permanently seal the order. In this order, the court outlined its belief, based on evidence obtained from Buscemi, "that Buscemi is suffering from mental or physical conditions which significantly impair his professional judgment, performance, and/or his competency to practice law." *Id.* at 12. The court ordered Buscemi to complete several tasks and stated that it would "not impose any discipline based on the conduct to date so long as Buscemi fully complies with the conditions of this order." *Id.* at 13. The court ordered that: (1) Buscemi contact the North

5

Carolina Lawyer Assistance Program (NC LAP) no later than January 10, 2020; (2) Buscemi schedule an in-person meeting with NC LAP staff that must occur no later than January 20, 2020; (3) Buscemi undergo any evaluations or assessments recommended by NC LAP with providers recommended or pre-approved by NC LAP; (4) Buscemi follow all treatment recommendations based on the findings of such assessments or evaluations; (5) if recommended by NC LAP, Buscemi enter into a recovery contract with NC LAP and fully comply with its terms; (6) Buscemi continue to comply with all clinical recommendations for as long as recommended by NC LAP and his health care providers; and (7) Buscemi sign a full release of information allowing NC LAP to communicate with the court and his health care providers. *Id.* at 12–13.

19. Buscemi did not move to seal D.E. 47 by January 20, so the Clerk of Court unsealed it.
20. The court received no communication from NC LAP about Buscemi from the time it entered its order on January 6 to the present. This indicates at the very least that Buscemi did not sign the required release form allowing NC LAP to communicate with the court. The court's order stated that failure to do so "may lead to the imposition of sanctions." D.E. 47 at 13.
21. Finally, the court on January 6, 2020, granted Wilmington Plastic Surgery's Motion to Compel. D.E. 48.
22. On February 3, the court entered a Second Order to Show Cause. D.E. 50. The court ordered Buscemi appear in person at a hearing on February 7, 2020, at 11:00 a.m. in Wilmington, North Carolina to discuss his failures to comply with the court's orders. The court stated that Buscemi's failure to appear "will subject him to arrest by the United States Marshals Service without further notice." *Id.*

23. On the date of the hearing, the United States Marshal Service went to Buscemi's home to ensure his attendance. Buscemi claimed he did not know about the scheduled hearing.

24. After a discussion with the United States Marshal Service, Buscemi made his way to the courthouse. He did not arrive until after the hearing's scheduled start time.

25. At the hearing, the court extended the deadline for Buscemi's in-person meeting with NC LAP personnel until February 21, 2020. D.E. 52.

26. The court also ordered Buscemi to contact Wall by February 21, 2020, and "provide him with any documents and information he needs to pursue England's interests in this action." D.E. 52.

27. Buscemi did not comply with this court's order requiring him to turn over documents to Wall. Buscemi did not try to provide Wall with the records until February 25, 2020, and Wall did not receive the records until April 2020. Apr. 21, 2020 Hr'g Tr. at 13:1−5, D.E. 61.

28. There is no indication that Buscemi has complied with this court's order about the in-person meeting with NC LAP personnel or complying with evaluation and treatment by NC LAP.

Buscemi has shown an unwillingness to comply with this court's orders despite being given many chances to do so. His actions leave the undersigned with no choice but to initiate contempt proceedings both to ensure compliance with the court's orders and to vindicate the court's authority.

Thus, it is ordered that Buscemi shall appear before Chief Judge Boyle at a date and time of the Chief Judge's choosing to show cause why he should not be held in contempt based on the

7

facts set forth in this certification. Due to the current public health crisis caused by the COVID-19 virus, the date and time of this hearing will be set by separate order.

Buscemi's conduct contains aspects of both civil and criminal contempt. Buscemi should know that "[c]riminal contempt is a crime in the ordinary sense[.]" *Bloom* v. *Illinois*, 391 U.S. 194, 201 (1968). Among those rights is the right to be represented by counsel at all stages of this contempt proceeding. *Cooke* v. *United States*, 267 U.S. 517, 537 (1925). If he cannot afford an attorney, he may ask the court to appoint one for him.

The Clerk of Court shall serve a copy of this order on the United States. As provided under Federal Rule of Criminal Procedure 42(a)(2), the court requests that the United States Attorney for the Eastern District of North Carolina prosecute this matter.

Along with filing this matter on the CM/ECF system, the Clerk of Court shall provide a copy of this order to the United States Marshal for the Eastern District of North Carolina for personal service on Buscemi.

Dated: April 30, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge

8

Case 7:18-cv-00179-BO   Document 64   Filed 04/30/20   Page 8 of 8