IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-179-BO

| | | |
|---|---|---|
| DONNA ENGLAND, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WILMINGTON PLASTIC SURGERY, | ) | |
| P.A., f/k/a WILMINGTON PLASTIC | ) | |
| SURGERY SPECIALISTS, P.A., | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss plaintiff's complaint pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. The motion has been fully briefed and is ripe for adjudication. For the reasons that follow, the Court declines to dismiss plaintiff's complaint as a discovery sanction.

## BACKGROUND

Plaintiff initiated this action against defendant in New Hanover County, North Carolina Superior Court alleging claims for, *inter alia*, violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621. Defendant removed the case to this Court on the basis of its federal question jurisdiction. Plaintiff then filed an amended complaint, adding a third claim alleging wrongful discharge in violation of public policy, specifically N.C. Gen. Stat. § 90-401. The Court dismissed plaintiff's third claim for relief on defendant's motion.

Defendant seeks dismissal of plaintiff's complaint as a discovery sanction, specifically for plaintiff's failure to comply with the Court's January 6, 2020, order granting defendant's motion

to compel and for failing to serve answers to defendant's interrogatories and request for documents.

## DISCUSSION

At the outset, defendant's motion for leave to file a reply brief [DE 70] is GRANTED. Plaintiff's motion to strike defendant's reply [DE 67] is therefore DENIED.

A district court enjoys wide discretion in determining whether to issue sanctions under Rule 37. *See, e.g., S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003). Rule 37(b) contemplates a number of sanctions for failing to obey a discovery order, which include striking pleadings, staying the proceedings until the order is obeyed, dismissing the action in whole or in part, and entering default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). In determining whether to impose a sanction such as dismissal or default judgment against the party who has failed to comply, courts apply a four-part test:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). Dismissal of a complaint is an extreme sanction. *Id.*

Prior orders, including a certification of contempt against plaintiff's prior counsel by United States Magistrate Judge Numbers, detail the problems and delays that have occurred in this case. However, defendant argues that despite the appearance of new counsel on plaintiff's behalf, plaintiff has still failed to answer basic discovery requests. Plaintiff responds that she has now complied with defendant's discovery requests and that there are a panoply of sanctions less harsh

2

than dismissal of her action. In reply, defendant's details what it contends is bad faith on the part of plaintiff's new counsel as well as plaintiff herself. As to plaintiff's new counsel, defendant cites email exchanges which reveal his awareness of his obligations under the Court's January 6, 2020, order granting defendant's motion to compel, though he failed to comply with those deadlines. In regard to plaintiff's own bad faith, defendant cites to her answers to deposition questions which were vague and non-responsive, and included many consisting of statements such as "I don't know," "I can't recall," and "I'll have to think about that."

At bottom, the conduct about which defendant primarily complains is that of plaintiff's attorneys. Given this, even assuming, without deciding, that plaintiff and her counsel have acted in bad faith, that defendant has been prejudiced, and the need to deter such conduct, the Court determines that sanctions less drastic than dismissal are appropriate. Specifically, the expenses, including attorneys' fees, associated with the filing of the instant motion, including defendant's reply, opposition to the motion to strike, and motion for extension of time, shall be paid by plaintiff's current counsel, Mr. Wall. Fed. R. Civ. P. 37(b)(2)(C). Further, plaintiff's day planner, which plaintiff has failed to produced in its entirety, may not be relied upon by her in these proceedings. *Id.* at (b)(2)(A)(ii).

The Court will further permit a brief period within which to allow defendant to depose plaintiff again should defendant file a motion to that effect. Should defendant elect to depose plaintiff again, she shall come prepared to answer defendant's questions fully and to the best of her ability. Plaintiff and her counsel are warned that if her participation in the deposition consists of no more than "I don't know" and "I can't recall" this action will be dismissed for failure to comply with this order.

3

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 54] is DENIED. Defendant's motion for leave to file a reply brief [DE 70] is GRANTED. Plaintiff's motion to strike defendant's reply [DE 67] is DENIED.

Plaintiff's counsel shall pay the expenses associated with defendant's briefing of the instant motion as outlined above. Defendant shall submit an affidavit outlining its expenses not later than September 7, 2020.

SO ORDERED, this 21 day of August, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE