IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-179-BO

| | | |
|---|---|---|
| DONNA ENGLAND, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILMINGTON PLASTIC SURGERY, | ) | |
| P.A., f/k/a WILMINGTON PLASTIC | ) | |
| SURGERY SPECIALISTS, P.A., | ) | |
| Defendant. | ) | |

This matter was calendared for hearing on October 8, 2020, at the United States Courthouse at Greenville, North Carolina for resolution of the certification of contempt filed by United States Magistrate Judge Numbers against attorney Gregory Buscemi as well as the undersigned's order for Mr. Buscemi to show cause for failure to appear on July 22, 2020. Mr. Buscemi failed to appear before the undersigned on October 8, 2020, and he did not make any request to continue the matter. Accordingly, the Court proceeds to resolve the issue of whether to hold Mr. Buscemi in contempt of court.

When a magistrate judge certifies contempt to the district court, it is considered a prima facie case serving the function of a charging instrument or pleading for a trial to be held before the district judge. *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 903 (3d Cir. 1992). The district judge holds a hearing on the certification of contempt, during which it hears the evidence, in a summary manner, and decides whether to impose punishment. *Id.* Mr. Buscemi had notice of the October 8, 2020 proceeding and failed to present any evidence or argument, either in person or by filing.

Civil contempt is remedial and is imposed in order to "coerce compliance with an order of the court or to compensate for losses or damages caused by noncompliance." *Carbon Fuel Co.* v. *United Mine Workers of Am.*, 517 F.2d 1348, 1349 (4th Cir. 1975) (*quoting S. Ry. Co.* v. *Lanham*, 403 F.2d 119, 124 (5th Cir. 1969)).[1] Civil contempt sanctions require notice and an opportunity to be heard prior to their entry. *Int'l Union, United Mine Workers of Am.* v. *Bagwell*, 512 U.S. 821, 827 (1994). Indirect contempt can be civil in nature. *Id.* at 833.

First, the Court incorporates by reference as if fully set forth herein the certificate of contempt entered by Magistrate Judge Numbers and, in the absence of any contrary evidence or pleading, accepts those findings. The Court further finds that Mr. Buscemi failed to appear before the undersigned on July 22, 2020, and October 8, 2020, as directed. The failure to appear before the court when ordered may amount to indirect contempt. *In re Gates*, 600 F.3d 333, 339 (4th Cir. 2010). Indeed, "[t]here is no doubt that an order from a district court requiring an attorney to appear for a scheduled hearing is a valid court decree, the violation of which can constitute civil contempt." *Gardendance, Inc.* v. *Woodstock Copperworks*, No. 1:04CV10, 2006 U.S. Dist. LEXIS 108516, at *10-11 (M.D.N.C. Jan. 19, 2006).

It is plain both from Mr. Buscemi's failure to appear before the undersigned and his pattern of failing to appear or appearing late before Magistrate Judge Numbers outlined in the certification of contempt that a basis for holding Mr. Buscemi in indirect civil contempt exists. Mr. Buscemi

---

[1] Criminal contempt, on the other hand, "is intended to vindicate the authority of the court, and cannot be purged by any act of the contemnor." *Id.* (*citing Nye* v. *United States*, 313 U.S. 33, 43 (1941)). Criminal contempt proceedings require full criminal process. *Int'l Union, United Mine Workers of Am.* v. *Bagwell*, 512 U.S. 821, 833 (1994). The United States has declined to prosecute this matter for criminal contempt. [DE 72].

2

has not presented any evidence which would convince the Court to hold otherwise. Accordingly, the Court finds Gregory Buscemi in indirect civil contempt for his repeated failures to appear.[2]

Accordingly, the Court considers what civil contempt sanction to impose in order to coerce Mr. Buscemi's compliance with orders of this Court. The Court is aware that Mr. Buscemi is suffering from a medical condition which impacts his ability to adequately and effectively practice law. In a separate proceeding of which Mr. Buscemi had notice and an opportunity to be heard, this Court imposed reciprocal action as that imposed by the North Carolina State Bar and placed Mr. Buscemi's admission to practice before the Eastern District of North Carolina in disability inactive status. The Court, in its discretion, determines that no civil contempt sanction is necessary.

## CONCLUSION

Accordingly, for the reasons discussed above, the Court finds Gregory Buscemi in CONTEMPT OF COURT based upon his repeated failures to appear or timely appear before judges of this Court when ordered. The Court will not impose a civil contempt sanction.

SO ORDERED, this 14 day of October, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The certification of contempt provides additional grounds which may be considered to constitute civil contempt, including the failure to comply with other orders entered by the magistrate judge, but in light of the above finding the Court determines it need not consider whether contempt is warranted on any other ground.