IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-179-BO

| | | |
|---|---|---|
| DONNA ENGLAND, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILMINGTON PLASTIC SURGERY, | ) | |
| P.A., f/k/a WILMINGTON PLASTIC | ) | |
| SURGERY SPECIALISTS, P.A., | ) | |
| Defendant. | ) | |

This cause comes before the Court on a motion by plaintiff's attorney Jonathan Wall (Attorney Wall) pursuant to Rule 54(b) of the Federal Rules of Civil Procedure asking that the Court reconsider or clarify its order imposing sanctions for failure to comply. Defendant has responded in opposition and the matter is ripe for ruling. Also before the Court and ripe for ruling is a motion by Attorney Wall seeking leave to respond to defendant's attorney fee declaration. For the reasons that follow, both motions are granted.

The Court dispenses with a recitation of the procedural and factual background of this matter as the parties are well-familiar with the circumstances of this case. At the outset, the Court grants Attorney Wall's request to submit a response/objection to the attorney fee declaration. Defendant has been permitted an opportunity to respond to this filing and has done so. [DE 94 & 96].

Rule 54(b) of the Federal Rules of Civil Procedure provides that a court may revise any order entered prior to entry of final judgment. The decision to do so lies within the discretion of the court, which is not bound by the strict standards applicable to requests to reconsider final

judgment but which should be guided by the principles of the doctrine of law of the case. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation, alterations, and citation omitted) (noting similarity of this standard to that applicable to Rule 59(e) motions except that law-of-the-case standard allows for new evidence discovered during litigation as opposed to evidence not available at trial to serve as basis for reconsideration motion). "Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." *Id.* (emphasis removed).

Attorney Wall's motion to reconsider provides sufficient additional facts to justify reconsideration of the Court's order imposing sanctions. Those facts, outlined at [DE 88 at 14-15], specifically concern the actions of plaintiff's former attorney Mr. Buscemi, who has since been held in contempt of this Court. [DE 93]. Although Attorney Wall's conduct was not diligent regarding the January 6, 2020, order granting defendant's motion to compel or subsequent discovery compliance, the circumstances under which his representation of plaintiff arose and began were constrained by his inability to effectively communicate with Mr. Buscemi, to include Mr. Buscemi's failure to inform Attorney Wall that a trustee had been appointed to manage his cases and that he had been placed on disability-inactive status by the State Bar. Indeed, Mr. Buscemi has never sought to withdraw from his representation of plaintiff in this case.

Accordingly, in light of the foregoing circumstances which are unique to this case, the Court, exercising its discretion, remits the sanction imposed against Attorney Wall in its order

2

entered August 21, 2020. Attorney Wall is no longer required to pay the attorney fees and expenses associated with defendant's filing of its motion seeking dismissal as a discovery sanction. All other provisions of the Court's 21 August 2020 order remain in force.

Additionally, the Court REFERS this matter to United States Magistrate Judge Robert B. Jones, Jr. to conduct a court-hosted settlement conference at his scheduling convenience.

## CONCLUSION

Accordingly, for the foregoing reasons, Attorney Wall's motion for reconsideration [DE 87] is GRANTED. The monetary sanction imposed against Attorney Wall in the Court's order entered August 21, 2020, is REMITTED. Attorney Wall's motion for leave to file response/objection to attorney fee declaration [DE 85] is GRANTED. This matter is REFERRED to United States Magistrate Judge Robert B. Jones, Jr. to conduct a court-hosted settlement conference at his scheduling convenience.

SO ORDERED, this 16 day of February, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE